Cite as 2020 Ark. 257

# SUPREME COURT OF ARKANSAS

No.: CV-19-978

| | |
|---|---|
| | Opinion Delivered: June 18, 2020 |
| JOSE CHACON | APPEAL FROM THE SEBASTIAN |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. 66FJV-16-544] |
| V. | |
| | HONORABLE LEIGH ZUERKER, |
| ARKANSAS DEPARTMENT OF HUMAN | JUDGE |
| SERVICES AND MINOR CHILD, J.T. | |
| APPELLEES | DISSENTING OPINION. |

**JOSEPHINE LINKER HART, Associate Justice**

I dissent from this court's denial of Chacon's petition for review of the decision by the Arkansas Court of Appeals in *Chacon v. Arkansas Dep't of Humans Servs.*, 2020 Ark. App. 277. Arkansas Dependency-Neglect proceedings cannot ignore a child's father simply because he is incarcerated.

Chacon has raised an important issue concerning the statutory right to counsel and the constitutional due process rights of fathers in Arkansas dependency-neglect proceedings. The proceedings in this case resulted in the termination of Chacon's parental rights to his child, J.T. But despite the fact that DHS knew Chacon to be J.T.'s biological father well over a year before it filed its petition to terminate parental rights, Chacon was not appointed counsel until just two weeks before the hearing on DHS's termination petition began. It appears that, outside of a paternity test in October 2017, Chacon did not receive any information whatsoever from DHS about the dependency-neglect

proceedings (including the results of that paternity test)—all the way up until he was appointed counsel on July 17, 2019, nearly three months after the TPR petition had been filed. On appeal, Chacon argues that essentially excluding him from the dependency-neglect proceedings all the way up until it was time to terminate his parental rights amounts to a due process violation.

However, the Court of Appeals refused to address Chacon's argument on appeal, concluding it was not preserved for appellate review at the circuit court level. This decision was in error. At the hearing on the Department's TPR petition, Chacon's counsel argued against granting the petition as follows:

> [Chacon] has been incarcerated this whole time not knowing that he was in fact determined by this Court to be the legal father of [JT], and he's received nothing as far as a case plan or other court orders that the case worker has testified to here today. . . .[T]he evidence and testimony before the court [have] just been a complete injustice as to [Chacon's] constitutional due[-]process rights for this court to go forward on the petition and grant the termination. . . . It's a miscarriage of justice that the Cherokee Nation representative and any of the DHS case workers never sent Mr. Chacon anything on this case. . . . [He] had no actual knowledge of what was going on in these proceedings. . . . So in addition to what I believe are multiple examples of depravation of his basic due[-]process rights to terminate his parental rights of [JT] . . . it's clear that [DHS] had no intention of really doing anything more than naming Mr. Chacon in pleadings in their attempt to follow this Court's order that DNA testing be done. . . . [T]he infringements on his constitutional due[-]process rights cannot be overlooked or outweighed and I would argue that that is paramount to severing parent's rights in these cases.

*End of Excerpt.* After the TPR hearing, the circuit judge took the matter under advisement, and eventually issued an order granting the Department's TPR petition. The order did not specifically address Chacon's due process argument, but granted the petition. Concluding

2

that Chacon failed to properly raise this issue is simply inapposite. Application of a procedural bar cannot stand against the plain assertion of a specific constitutional right. Accordingly, I dissent.